IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDRIC DARNELL COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-1192-M |
| | ) |
| JOHN WHETSEL, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. United States District Judge Tim Leonard referred this case to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1] A court-ordered Special Report has been filed pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (per curiam), and Defendants have filed a motion to dismiss. Plaintiff's time to respond to the motion has passed, so it is now at issue. For the following reasons, it is recommended that the motion to dismiss be granted.

BACKGROUND

Plaintiff currently is housed at the Lawton Correctional Facility in Lawton, Oklahoma. Complaint, p. 1. He brings this action against John Whetsel, the Sheriff of Oklahoma County, and Jay McClure, a detention officer employed at the Oklahoma

---

[1] Following Judge Leonard's referral, the case was reassigned to United States District Judge Vicki Miles-LaGrange. See Order of Oct. 27, 2006, at Docket Entry No. 6.

County Detention Center, claiming use of excessive force in violation of the Eighth and Fourteenth Amendments' proscription of cruel and unusual punishment.[2] Id. at 2-3, 5.

Plaintiff's claims stem from an incident that occurred while he was detained at the Oklahoma County Detention Center.[3] Plaintiff alleges that on the evening of November 13, 2005, his cellmate became ill and started vomiting in their cell. Plaintiff contends that he attempted to get the attention of the jail rover, Detention Officer Jason Lee, to request medical assistance for his cellmate. Defendant McClure came to Plaintiff's cell, opened the door, listened to Plaintiff's request, but, according to Plaintiff, said, "yeah alright whatever," and closed the door and left. After the jail rover walked by the cell

---

[2] Although Plaintiff characterizes his excessive force claim both as an Eighth Amendment and Fourteenth Amendment claim, it is technically for a violation of his Fourteenth Amendment right to substantive due process because Plaintiff was a pretrial detainee at the time of the relevant events. Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999). Pretrial detainees are protected from excessive force that amounts to punishment under the Due Process Clause of the Fourteenth Amendment. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). However the analysis employed to evaluate an excessive force claim, whether it arises under the Eighth or Fourteenth Amendment, is the same. Lopez, 172 F.3d at 759 n.2.

Defendants have read the Complaint as naming the Oklahoma County Detention Center as a defendant and moved for dismissal based upon an argument that the Oklahoma County Detention Center is not a legal entity with the capacity to be sued. Motion, p. 1. However, since the Oklahoma County Detention Center is not listed as a Defendant in the body of the complaint and since Plaintiff did not list it on his praecipe for summons, the undersigned does not so read the Complaint. However, even if the Oklahoma County Detention Center was named as a defendant, it would be subject to dismissal for failure to state a claim because a county jail in Oklahoma is not a legal entity with the capacity to be sued in a § 1983 action. See, e.g., Ketchum v. Albuquerque Police Dep't, No. 91-2200, 1992 WL 51481, at *2 (10th Cir., Mar. 12, 1992) (correctional facility is not a suable entity as it lacks identity apart from the municipality); Leterski v. Kingfisher County Jail, No. CIV-06-451-W, 2007 WL 1039224, at *1 (W.D. Okla. Apr. 3, 2007) (order granting county jail's motion to dismiss because "it is not a legal entity capable of being sued."); see also Arps v. Eddie Warrior Corr. Ctr., No. CIV-05-892-C, 2006 WL 1451245, at *4 (W.D. Okla. May 18, 2006). (These and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.)

[3] The following factual summary is generated from the allegations of Plaintiff's complaint and its attached materials. Plaintiff's recitation of the facts differs materially from Defendants' version, but because the Complaint is evaluated here in the context of a motion to dismiss, Plaintiff's version of the events is taken as true and presented in the light most favorable to Plaintiff. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Additionally, because Plaintiff is proceeding pro se, his pleadings have been liberally construed and held to a less stringent standard than attorney-drafted pleadings. See id. at 1110.

again, Plaintiff pressed a medical intercom button located within the cell. Plaintiff claims that Defendant McClure responded to the second medical call and assaulted him in a scuffle that broke out when Plaintiff attempted to get the rover's attention after Defendant McClure opened the cell door for the second time.  Id.

In the motion to dismiss, Defendants contend that Plaintiff has failed to exhaust administrative remedies, failed to state a claim upon which relief can be granted against Defendant Whetsel, Defendants are entitled to qualified immunity, and Defendants "have not been deliberately indifferent to Plaintiff's health and safety."  Motion, p. 1.

## DISCUSSION

A complaint is subject to Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Courts reviewing the sufficiency of a complaint presume that all of the plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff.  Hall, 935 F.2d at 1109.  Although pro se pleadings are construed liberally, conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted.  Id. at 1110.  If "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [the plaintiff] an opportunity to amend his complaint would be futile," the complaint may be dismissed.  Id. (internal citations and quotations omitted).  When evaluating a complaint tested by a motion to dismiss, the court may only consider the complaint and its attached exhibits to determine whether the plaintiff has sufficiently stated a claim.  Id. at 1112.

*A.     Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act ("PLRA") contains an exhaustion requirement providing: "[n]o action shall be brought with respect to prison conditions under section [1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); Kikumura v. Osagie, 461 F.3d 1269, 1281 (10th Cir. 2006). Exhaustion is mandatory and district courts are not authorized to dispense with the requirement. See Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003).

To comply with the PLRA's exhaustion requirement, an inmate must properly exhaust administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006); Aceves v. Jeffers, 196 Fed. Appx. 637, 639 (10th Cir. Aug. 10, 2006). Proper exhaustion requires compliance with deadlines and other critical procedural rules. Ngo, 126 S. Ct. at 2386. However, an inmate need not plead and prove proper exhaustion on the face of the complaint; instead, failure to exhaust administrative remedies is an affirmative defense that a defendant must raise. See Jones v. Bock, 127 S. Ct. 910, 921 (2007), abrogating Steele v. Fed. Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003). When a complaint contains both exhausted and unexhausted claims, only the unexhausted portion of the complaint should be dismissed. Id. at 925, abrogating Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004).

To exhaust administrative remedies for incidents occurring at the Oklahoma County Detention Center, an inmate must first "attempt to resolve the issue by talking with a responsible authority or other appropriate staff member." Sp. Rept., p. 94.[4] If the issue is not resolved verbally, the inmate is required to file a Request to Staff ("RTS") form with the employee designated by the jail to respond. If the RTS/verbal communication procedure does not produce a satisfactory result, the inmate must initiate the grievance procedure by filing an Inmate Grievance Report ("IGR") form within fifteen days of the incident or date the inmate learned of the issue. Id.

Plaintiff has failed to properly exhaust administrative remedies for the claims presented in the Complaint. Plaintiff alleges that he sought administrative relief for his claims by filing an RTS and IGR but that "all my efforts have gone unanswered and ignored." Complaint, pp. 5-6. Plaintiff attached copies of the RTS and IGR he purportedly submitted to jail officials as Exhibits A and B to the Complaint. Id. at Exs. A-B. Examination of the RTS and IGR reveals that Plaintiff did not properly exhaust administrative remedies as alleged.

The RTS that Plaintiff claims to have submitted is dated November 13, 2005, the same day the incident made the basis of the Complaint occurred. The RTS contains several notable deficiencies. First, the form contains a line where the complaining

---

[4] When a Special Report includes a description of a prison's policies and procedures which is undisputed after the plaintiff has been given an opportunity to respond to the Special Report, the portion of the Special Report describing the policies and procedures is considered part of the complaint and appropriate for consideration in evaluating a motion to dismiss. See Hall, 935 F.2d at 1112-13. Plaintiff did not respond to the Special Report or motion to dismiss. Thus, Exhibit 3 of the Special Report, the Oklahoma County Detention Center Inmate Handbook describing the applicable grievance process, is considered part of the Complaint.

5

inmate is asked to identify to whom the RTS is submitted, but Plaintiff left this space blank. See id. at Ex. A. More importantly, the RTS bears no indicia that it was actually submitted to a jail staff member: there are no remarks in the section of the form designated for disposing of the issue and this section is neither signed nor dated.[5] See id. Most damaging to Plaintiff's claim of proper exhaustion however, is a Comanche County notary's stamp affixed to the RTS which is signed by the notary and dated June 5, 2006. See id. June 5, 2006, is, of course, several months after the date Plaintiff alleges the relevant events occurred.

The IGR is similarly insufficient. It is dated November 21, 2005. Id. at Ex. B. Had the form actually been completed and submitted on or about that date, it would have been filed within the 15-day time period allotted for initiating formal grievances. But, like the RTS, the IGR is notarized and signed June 5, 2006, by the same Comanche County notary who notarized Plaintiff's RTS dated November 13, 2005. Thus, if the IGR was still in Plaintiff's possession for notarization on June 5, 2006, there is no way it was submitted within the 15-day period Plaintiff had to seek administrative resolution of his complaints. Further, the Oklahoma County Detention Center has no procedure for initiating out-of-time grievances. See Sp. Rept., pp. 94-95.

Local Civil Rule 7.2(f) provides that any motion that is not opposed within 18 days after it is filed, may, in the Court's discretion, be deemed confessed. In an order dated November 10, 2006, the undersigned specifically advised Plaintiff of the requirements

---

[5] Notably, though not considered in resolving the motion to dismiss for failure to exhaust, the Special Report prepared by the General Counsel for the Oklahoma County Sheriff's Office indicates that the Oklahoma County Detention Center has no record of Plaintiff submitting any RTS or IGR forms regarding the incident in question. Sp. Rept., p. 2, 6.

of this local court rule and cautioned him that failure to respond to a motion to dismiss within those time limits may result in the motion being deemed confessed. See Order of Nov. 20, 2006, at Docket Entry No. 11. Plaintiff did not respond or seek an extension of time to file a response. Considering the foregoing shortcomings in the proof attached to the Complaint purporting to demonstrate that Plaintiff properly exhausted administrative remedies and Plaintiff's failure to cure or explain these deficiencies when faced with a motion to dismiss, the undersigned concludes that the claims presented in the Complaint were not properly exhausted. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (holding that "district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies" and the inmate has been given an opportunity to address the issue).

## RECOMMENDATION

The facts alleged in the Complaint show that there is no set of circumstances under which Plaintiff would be entitled to the relief requested. Accordingly, it is recommended that Defendants' motion to dismiss [Doc. Nos. 18, 19] be **GRANTED,** [6] and the complaint be dismissed **WITHOUT PREJUDICE**.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 29, 2007, in accordance with 28

---

[6] Defendants filed a motion to dismiss on February 21, 2007, and a motion to amend/correct the motion to dismiss on February 22, 2007, which appears to be the same document as the motion to dismiss. Since no motion for leave to amend is actually filed and Defendants' attorney does not state what amendments were to be made, the undersigned has considered the second motion to dismiss as a duplicate of the first.

U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 9th day of May, 2007.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE